UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL GONZALEZ PEREZ, A-244-212-463,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No.  1:26-cv-02787-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Manuel Gonzalez Perez is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court appointed counsel, who filed a first amended petition. (ECF No. 12.) Respondent's answer and petitioner's reply are also before the court. (ECF Nos. 16, 23.) For the reasons set forth below, the petition should be granted.

**I.    Background**

Petitioner is a native and citizen of Nicaragua. (ECF No. 12, ¶1; ECF No. 16-1 at 1 & 8.) He arrived at the Camino Real International Bridge in Eagle Pass, Texas, for a scheduled CBP One appointment on October 7, 2023, and was paroled into the United States pursuant to INA 212(d)(5) that same day. (ECF No. 12, ¶ 2; ECF No. 16-1 at 12.)

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

1

Under the petition's additional allegations which are not disputed by respondent, petitioner lived in the United States for more than two years while pursuing an application for asylum based on his fear of persecution in Nicaragua. (ECF No. 12, ¶ 2.) He holds an Employment Authorization Document valid through 2030, has a Social Security number, and files his taxes. (Id.) He has no criminal convictions, has never missed an ICE appointment, and has appeared at every hearing in his immigration case, including on June 6, 2024, in Texas, and on June 6, 2025, in Miami, Florida. (Id., ¶¶ 12, 26.)

Under the petition's allegations, petitioner was taken into custody after he accidentally dialed 911 twice from his home. (ECF No. 12, ¶ 3.) Responding officers searched petitioner, but no criminal charges were filed, and no convictions resulted. (Id.) ICE placed petitioner in civil immigration detention on January 23, 2026, and he has been in custody since then. (Id., ¶¶ 1, 3.) During his more than five months in custody, petitioner has never received a bond hearing or custody determination hearing. [2] (ECF No. 12, ¶¶ 5, 31.)

The present status of petitioner's immigration case is somewhat unclear, but removal proceedings are ongoing. While detained without a lawyer in February 2026, petitioner signed a "Joint Motion for Withdrawal for Admission" and now alleges he did not understand it and signed it out of desperation. (ECF No. 12, ¶ 4; ECF No. 16-2.) The joint motion was granted on March 24, 2026, and the order of the immigration judge indicates an appeal was due by April 23, 2026. (ECF No. 16-2.) Petitioner alleges he had an individual hearing set for June 17, 2026. (ECF No. 12 at 3.) The Automated Case Information presently available for petitioner's case indicates an immigration judge granted a "request to withdraw an application" on May 7, 2026, for which an appeal is due by July 20, 2026. See https://acis.eoir.justice.gov/en/caseInformation.

Petitioner brings three claims for relief in the first amended petition described as follows: (1) Violation of the Fifth Amendment Due Process Clause (Prolonged Detention Without a Bond Hearing); (2) Statutory Right to a Bond Hearing Under 8 U.S.C. § 1226(a); and (3) Defective and Involuntary Withdrawal Cannot Justify Prolonged Detention Without a Hearing. (ECF No. 12, ¶¶

---

[2] Although respondent purported to add several files labeled "Digital Audio Recording of Bond Hearing" to the docket, respondent does not assert petitioner ever received a bond hearing.

2

35-54.) Petitioner seeks immediate release, or, alternately, a bond hearing. (Id. at 13.)

In response to the petition, respondent argues (a) this court lacks jurisdiction for the enforcement actions against petitioner as barred by 8 U.S.C. §§ 1252(g) and 8 U.S.C. § 1252(b)(9); (b) petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2); (c) the March 2026 stipulated withdrawal agreement did not extinguish the Department of Homeland Security's (DHS) detention authority because petitioner failed to voluntarily depart; (d) petitioner failed to exhaust administrative remedies; (e) petitioner has not been subjected to prolonged detention as an applicant for admission; and (f) if the court grants the petition, relief should be limited to a bond hearing where petitioner bears the burden of proof. (ECF No. 16.)

## II.    Jurisdiction and Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Respondent argues 8 U.S.C. §§ 1252(g) and 1252(b)(9) strip this court of jurisdiction over this case because it arises from a new enforcement event and DHS's discretionary choice to arrest petitioner and commence removal proceedings. (ECF No. 16 at 2-3.) However, petitioner's challenge is to the legality of his civil detention, not any removal processing decision. The Ninth Circuit has "limited [§ 1252(g)'s] jurisdiction-stripping power to actions challenging the Attorney General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders." Arce v. United States, 899 F.3d 796, 800 (9th Cir. 2018). Similarly, "claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." J.E.F.M. v. Lynch, 837 F.3d 1026, 1031, 1032 (9th Cir. 2016). Thus, petitioner may challenge his immigration detention through this petition. See, e.g., Orellana v. Warden, California City Correctional Center, et al., No. 1:26-CV-04322-DAD-CKD (HC), 2026 WL 1708298, at *1, n. 1

(E.D. Cal. June 12, 2026) (rejecting as contrary to binding Ninth Circuit precedent the argument that § 1252(g) & § 1252(b)(9) bar this district court from exercising jurisdiction over a petition challenging immigration detention).

**III.    Discussion**

The undersigned agrees with the numerous courts holding that 8 U.S.C. § 1226, rather than § 1225, applies to individuals physically present in the United States for some period of time before they were detained by ICE. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); accord Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1278-81 (11th Cir. 2026) (holding § 1226 supplies the default rule of detention for a non-citizen arrested and detained in the interior); Lopez-Campos v. Raycraft, 175 F.4th 713, 732 (6th Cir. 2026) ("§ 1226 applies to [non-citizens] already present in the United States"); Castañon-Nava v. DHS, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Thus, in this case, while petitioner's stipulated withdrawal agreement did not extinguish DHS's detention authority, the applicable detention authority is § 1226, not § 1225. Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2).

////

In this case, petitioner was previously paroled into the United States and was living and working in his community for more two years prior to being re-detained by immigration officials. Respondent does not assert petitioner failed to comply with any conditions of release or committed any crimes. Respondent does not offer any facts suggesting petitioner is a danger to the public or a flight risk. Based on the circumstance of petitioner being paroled into the United States where he resided for two years before being re-detained without a bond hearing, petitioner has a due process liberty interest in his continued release regardless of the whether the applicable detention scheme is § 1225 or § 1226. See Enriquez Escarcega, Petitioner, v. Warden of the Golden State Annex Faciity, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026); Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025).

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. CONST. AMEND. V. It is firmly established that these protections extend to noncitizens present in the United States. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. U.S., 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even [non-citizens] shall not ... be deprived of life, liberty, or property without due process of law.").

Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Having determined petitioner has a protected liberty interest in his continued release having been paroled into the United States, the court next determines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution by applying the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three

5

factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Considering the first Mathews factor, petitioner has a significant private interest in remaining free from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. Petitioner's parole into the United States and time spent living freely and working for two years creates a powerful interest for him in his continued liberty. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). This factor favors granting the petition.

The second Mathews factor also weighs in petitioner's favor. See A.E. v. Andrews, No. 25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Civil immigration detention is "nonpunitive in purpose and effect" and is justified when a noncitizen presents as a danger to the community or risk of flight. Zadvydas, 533 U.S. at 690; Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, there is no indication petitioner presents a danger to the community or a risk of flight, and he has been detained for more than five months without being provided any individualized hearing before an immigration judge where those factors could be evaluated. Thus, "the probable value of additional procedural safeguards" is high. A.E., 2025 WL 1424382, at *5.

Turning to the third Mathews factor, the government has an interest in the steady enforcement of its immigration laws, but the government's interest in re-detaining petitioner without any procedural protections is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094. Custody hearings in immigration court are routine and impose a "minimal" cost on the government. Doe, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." Ortega, 415 F. Supp. 3d at 970.

////

On balance, the Mathews factors show due process required that petitioner be provided an individualized hearing prior to his re-detention. "[A] pre-deprivation hearing is required to satisfy due process." Guillermo M. R. v. Kaiser, 71 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). Respondent points to no reasons why a pre-deprivation hearing could not be held and provides no evidence warranting petitioner's re-detention without such a hearing. Thus, the undersigned rejects the argument that only a bond hearing is the appropriate remedy in the event the court grants the petition. The correct remedy is release.

Respondent also argues petitioner's habeas petition should be denied for failure to exhaust administrative remedies. (ECF No. 16 at 5-6.) Petitioner counters that respondent's exhaustion theory collapses on its own premise, because respondent insists petitioner has no bond remedy under § 1225 to exhaust. (ECF No. 23 at 2.) To any extent avenues exist for petitioner to exhaust administrative remedies on the issues presented in this petition, considering the factors discussed in Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007), the undersigned finds prudential exhaustion should not be required.

Accordingly, the court should find petitioner's Fifth Amendment due process rights have been violated and order his immediate release from custody. Resolution in this manner provides the full scope of relief petitioner requests.

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  The court grant petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241.

2.  Respondent be ordered to release petitioner immediately under the same conditions he was subject to immediately prior to his re-detention on January 23, 2026.

3.  Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner, absent exigent circumstances, unless it provides petitioner with notice and a pre-detention hearing before an immigration judge, at which respondent will bear the burden of demonstrating that petitioner is a danger to the community or a flight risk by clear and convincing evidence.

4. Petitioner's request for attorney's fees be denied without prejudice to the filing of a properly noticed and supported motion.

5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three (3) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **three (3) days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 1, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 pere2787.mer

8